IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
Case No. 3:17-cv-484-JHM

TUWANNA R. TOWNS     PLAINTIFF
4503 Shelvis Drive
Louisville, Kentucky 40216

v.

ENHANCED RECOVERY COMPANY, LLC     DEFENDANTS
8014 Bayberry Road
Jacksonville, Florida 32256

SERVE:     CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324
(BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

SERVE:     CSC-Lawyers Incorporating Service Co.
421 W. Main St.
Frankfort, KY 40601
(BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Tuwanna R. Towns, and for her Verified Complaint against the Defendants, Enhanced Recovery Company, LLC ("ERC") and Equifax Information Services, LLC

("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false reporting of and Defendants' failure to investigate Plaintiff's disputes regarding alleged cell phone collections accounts.

## II. PARTIES

2. Plaintiff, Tuwanna R. Towns, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 4503 Shelvis Drive, Louisville, Kentucky 40216.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, ERC, is a Florida limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. ERC is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

10. In or around February 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report and discovered a derogatory tradeline furnished by ERC regarding an alleged Sprint collections account. Specifically, Plaintiff's Equifax credit report included an ERC tradeline referencing account number 14440****. The subject tradeline was a duplicate of a tradeline furnished by Convergent Outsourcing, account number 4194****.

11. Immediately upon her discovery of the ERC tradeline, Plaintiff disputed the accuracy of the tradeline with Equifax.

12. In March 2017, Equifax forwarded dispute results to Plaintiff showing that, despite the duplication of the Convergent Outsourcing account and, upon information and belief, ERC's sale or transfer of the account to Convergent Outsourcing, ERC and Equifax verified the accuracy of ERC's false and derogatory tradeline.

13. Accordingly, ERC and Equifax failed to investigate Plaintiff's dispute and failed to amend and/or delete their reporting of the ERC tradeline on Plaintiff's credit report.

14. ERC's and Equifax's failure to investigate Plaintiff's dispute and their failure to delete and/or amend their reporting of the subject tradeline has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to

Defendants' failure to properly investigate Plaintiff's dispute and to delete or amend their reporting of the subject tradeline.

## V. CLAIMS

### Negligence – ERC

15. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

17. ERC's false reporting to Equifax regarding the alleged past due collections account and its failure to investigate Plaintiff's dispute were negligent under applicable law. In falsely reporting the alleged past due collections account and in failing to investigate Plaintiff's dispute, ERC breached its duty to reasonably investigate Plaintiff's credit dispute and to report accurate information regarding Plaintiff's credit history, and acted with conscious disregard for Plaintiff's rights.

18. ERC's false reporting to Equifax regarding the alleged past due collections account and its failure to investigate Plaintiff's dispute has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

19. ERC's false reporting to Equifax regarding the alleged past due collections account and its failure to investigate Plaintiff's dispute were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence - Equifax

20. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure

to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the tradeline, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the tradeline, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

22. Equifax's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

23. Equifax's failure to properly investigate Plaintiff's dispute of Equifax's reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – ERC

24. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. ERC's initial and continuing false reporting to Equifax of Plaintiff's alleged past due ERC collections account and its failure to investigate Plaintiff's dispute are violations of ERC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

26. ERC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

27. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – ERC

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. ERC's initial and continuing false reporting to Equifax of Plaintiff's alleged past due ERC collections account, despite ERC's knowledge of the falsity of its reporting, and ERC's failure to investigate Plaintiff's dispute are willful violations of ERC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

32. Given ERC's knowledge of the falsity of its reporting and its failure to investigate Plaintiff's dispute, ERC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ERC is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Equifax

33. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

35. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

36. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Tuwanna R. Towns, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

        Respectfully submitted,

        */David W. Hemminger*
        David W. Hemminger
        HEMMINGER LAW OFFICE, PSC
        616 South Fifth St.
        Louisville, KY 40202
        (502) 443-1060
        hemmingerlawoffice@gmail.com
        *Counsel for Plaintiff*

## VERIFICATION

I, Tuwanna R. Towns, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Tuwanna R. Towns

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Tuwanna R. Towns this 9th day of August, 2017.

My Commission Expires:
March 28, 2018

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018

Rhonda Rosbottom

9